Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff Virginia Teslik

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| VIRGINIA TESLIK, | ) Case No. 2:17-cv-00888 |
|---|---|
| Plaintiff, | ) COMPLAINT |
| vs. | ) JURY TRIAL DEMANDED |
| ABC FINANCIAL SERVICES INC. and DOES 1-5, inclusive, | ) |
| Defendant | ) |

## JURISDICTION AND VENUE

1.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal statute titled the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). The Court has personal jurisdiction over the Defendant and venue is proper under 28 § 1391(b)(2) in this District.

## INTRODUCTION

2.  This is an action brought by an individual consumer, Virginia Teslik, ("Plaintiff") against ABC Financial Services Inc. ("ABC" or "Defendant") for violations of the TCPA by making unsented autodialed calls to Plaintiff's cell number (XXX) XXX- 5096  (hereinafter "cell phone"). All undesignated section references to 47 U.S.C. §277 are to the TCPA.

3.  Plaintiff makes these allegations on information and belief, except for those

1 allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3).

## THE PARTIES

5. Plaintiff is a natural person residing in Los Angeles County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

6. Defendant is a corporation, maintains its principle place of business at 8320 Arkansas 107 Sherwood, Arkansas 72120 and is a "person" as defined by 47 U.S.C. § 153 (39).

7. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants after their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named Doe Defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

8. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within in the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with the other allegations.

9.  All Defendants, including Does 1 through 5, are collectively referred to as "Defendants".

10.  Whenever this complaint refers to any act of Defendants, the allegations will mean the act of those defendants named in the particular cause of action, and each of them acting individually, jointly and severally, unless otherwise alleged.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.  Congress enacted the Telephone Consumer Protection Act in 1991. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone services subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or prerecorded voice … to any telephone number assigned to a … cellular telephone service …

47 U.S.C. § 227(b)(1)(A).

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers … In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order,* CG Docket No. 01-278, FCC 03-153, ¶146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

12. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may … bring … an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both … If the court fines that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS

13. Beginning on or about September 1, 2016 and on multiple occasions since that time, Defendant and/or its agents directed a campaign of telephone collection calls to Plaintiff's cell phone.

14. When Plaintiff answered she was greeted with the following prerecorded voice:

> "Hello this is Eric Riley calling on behalf of crunch Allison (sic) with an important message regarding your membership with ABC financial the billing company for crunch Addison (sic) our records indicate that your billing information needs to be updated or corrected immediately please contact my customer care division at 800-897-6877 you can also update your account information online by logging on at myIclubonline.com." (Text is an approximation as some of the recording is garbled.")

15. The calls to Plaintiff's cell phone from Defendant occurred on, but not limited to, the following dates September 1, 6, 12, 16, 20, 26, October 3, 7, 11, and December 5, 9, 2016.

16. These telephone calls by Defendant violated 47 U.S.C. § 227(b) (1)(A)(iii).

17. Defendant placed these calls to Plaintiff's cellular telephone via an

'automatic telephone dialing system', as defined by 47 U.S.C. § 227(a)(1).

18. Plaintiff did not provide 'express consent' allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an 'automatic telephone dialing system', and/or an artificial or pre-recorded voice message within the meaning of 47 U.S.C. § 227(b)(1)(A).

19. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

20. Plaintiff was a regular user of the cell phone and paid the bill thereby incurring a charge.

21. Plaintiff asserts a claim under the TCPA.

22. All telephone contact by Defendant to the cell phone of Plaintiff used equipment that was placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

23. Defendant used a predictive dialer to make these telephone calls to Plaintiff's telephone number, without his prior express consent.

24. This practice violates the TCPA.

25. Plaintiff attempted to stop the calls numerous times but was unable to speak to a live operator or to prevent the calls from continuing.

26. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b) (1) (A) (i).

27. Based on information and belief, Defendant placed each call alleged in this complaint with one or more predictive dialers and/or a pre-recorded message.

28. Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and she is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant's misconduct in placing these telephone calls to Plaintiff's cell

phone was willful and knowing and she is entitled to increase the $500 per call above up to a maximum award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

## FIRST CLAIM FOR RELIEF
**(Negligent Violations of the Telephone Consumer Protection Act)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

33. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

34. Plaintiff incorporates by reference all of the above paragraphs before her Second Count for Relief as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award entitled to increase the $500 per call above up to a maximum award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award judgment against each

Defendant, and for Plaintiff, and prays for the following relief:

    (1)    Award injunctive relief prohibiting such violations of the TCPA by defendants in the future;

    (2)    Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

    (3)    Award of statutory damages in addition to the the $500 per call above up to a maximum award of $1,500.00 in total for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    (4)    Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendants.

Dated February 3, 2017

By **Lester & Associates**
s/ Patric A. Lester
Attorney for Plaintiff,

E-mail: pl@lesterlaw.com